IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THERMA-STOR and
TECHNOLOGIES HOLDINGS CORP.,

                                                 ORDER

                Plaintiffs,

                                       09-cv-229-vis[1]

     v.

ABATEMENT TECHNOLOGIES, INC. and
JOHN DOE ENTITIES 1 THROUGH 5,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Before the court are the parties' cross motions for claim construction of two terms in plaintiff Technologies Holdings Corporation's U.S. Patent No. 7,246,503. Under the preliminary pretrial conference order, the parties were required to show that "construction of each specified term is necessary to resolve a disputed issue concerning infringement or invalidity." Dkt. #13 at 2. The parties have complied with this requirement with respect to the term "impeller in said cabinet" in claim 1 of the '503 patent. Plaintiff explains in its

---

[1] The parties have declined jurisdiction of the magistrate judge in this case. Because no Article III judge has been assigned, I am assuming jurisdiction over this case for the purposes of this order and the claim construction hearing.

opening brief how construction of that term is necessary to determining whether claims 1 and 2 of the '503 patent can be distinguished from the prior art. I am persuaded that a hearing would assist the court in resolving the dispute regarding this term.

However, neither party identifies an issue of infringement or invalidity that would be resolved by construing the term "a backward incline blade impeller." Although plaintiff says that this term must be construed to prevent defendant from reading limitations into the term, it is unclear what additional issues would be resolved by construing "a backward incline blade impeller" that would not be resolved by construing only the term "impeller in said cabinet." If either party wishes to have the term "a backward incline blade impeller" construed before summary judgment, it must explain in its response brief why the construction is necessary. If the parties fail to do this, the term will not be discussed at the hearing or construed by the court before summary judgment.

Finally, although the parties discuss the term "expansion device" in their briefs, they agree that its construction will not affect the outcome of the case. Therefore, the term "expansion device" will not be construed by the court and will not be discussed at the hearing.

When the magistrate judge scheduled the claims construction hearing in this case, he assumed that he would be presiding over the hearing. Since then, it has become clear that this would not be an efficient use of his time—or the district court's, because it would

involve a report and recommendation and a review of that report. Therefore, I will hold the claims construction hearing. However, I cannot do it at scheduled time, so it will be necessary to hold a telephone hearing to set a new date and time.

ORDER

IT IS ORDERED that the parties' request for a hearing on the term "impeller in said cabinet" is GRANTED. A telephone hearing will be held at 10:00 CDST to set a date and time for the hearing. Counsel for plaintiff is responsible for initiating the conference call to the judge's chambers. (The telephone number is 1-608-264-5447, ext. 0.)

Entered this 16th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge